DAVIS, DIR. GENL. OF RDS., AS AGT., v. THE
KRIPPENDORF-DITTMANN CO.

*Negligence—Loss by connecting carrier—Liability of initial*
*carrier—Cummins Amendment to Interstate Commerce*
*Act—Shipments to adjacent foreign countries—Transpor-*
*tation partly on high seas.*

The Cummins Amendment to the Act of Congress (Section
7976, Barnes' Fed. Code), regulating commerce and de-
fining the liability of the initial carrier for loss of or dam
age to goods received at a point within the United States
to be shipped to an adjacent foreign country, applies in
all cases of shipments to adjacent foreign countries, not-
withstanding the goods may be carried partly on the
high seas.

(Decided December 4, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,*
for plaintiff in error.
*Mr. George A. Hamma,* for defendant in error.

HAMILTON, P. J. This action originated in the
municipal court, in which the defendant in error
claimed damages for shortage in a shipment of
shoes to Mexico.

The goods were received by the carrier at Cin-
cinnati, Ohio, and a through bill of lading issued
to Vera Cruz. The carrier delivered the goods
to the steamship line at New Orleans, which steam-
ship line conveyed the goods by water to Vera
Cruz. On arrival, it was discovered that there
were missing from the cases certain shoes of the
value of $342.28.

The defense is that the carrier is not liable to respond in damages for a shortage in the shipment, which shortage occurred after the shipment was delivered to the steamship line at the port of export, and before delivery by the steamship line at destination.

The municipal court held the carrier liable for the full amount of the loss, which judgment was affirmed by the court of common pleas, and error is prosecuted here to reverse the judgment of the common pleas and municipal courts.

The liability of the originating carrier depends upon the construction to be placed on the Act of Congress known as the Cummins Amendment to an Act to Regulate Commerce, which is as follows:

"That any common carrier, railroad, or transportation company subject to the provisions of this Act receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed:

and any such common carrier, railroad, or transportation company so receiving property for transportation from a point in one State, Territory, or the District of Columbia to a point in another State or Territory, or from a point in a State or Territory to a point in the District of Columbia, or from any point in the United States to a point in an adjacent foreign country, or for transportation wholly within a Territory shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading.'' (Section 7976, Barnes' Fed. Code.)

. It is contended by counsel for plaintiff in error that the steamship company is not a common carrier 'over whose line the property passed ''within the United States or within an adjacent foreign country,'' within the meaning of the act; and it is contended that in transporting the property from New Orleans to Vera Cruz the property was being transported on the high seas, which is outside the jurisdiction of the United States, or any foreign country, adjacent, or non-adjacent; and it is contended that any loss must be shown to have taken place *within* the country, or *within* an adjacent foreign country, whose line or lines are

*within* the United States, or *within* an adjacent foreign country.

If this construction were correct, it would fail to give force and effect to a part of the language of the amendment. It will be noted that the act uses the term "common carrier, railroad," or transportation company, to which such property may be delivered.

It is conceded that the property was *delivered* to the transportation company, to-wit the steamship line, *within* the United States, and the goods delivered by the steamship line at its terminal within Mexico, an adjacent foreign country.

The construction sought to be placed upon the act by counsel for plaintiff in error would in effect limit the act to rail movements, from New Orleans to Mexico, and would thereby eliminate the general class, "transportation companies," from the act.

We are of opinion that a fair construction of the purpose of the act is to fix liability of carriers for shipments to adjacent foreign countries as contradistinguished from liability for shipments to non-adjacent foreign countries, without consideration as to the method of carriage. The act, therefore, applies in all cases of shipment to adjacent foreign countries, notwithstanding the property may be carried partly on the high seas.

The question arising in this case seems not to have received the attention of any court heretofore. The only construction placed upon the act cited in the briefs was in the case of *Brunswick-Balke-Collender Co.* v. *Toledo, Saginaw & Muskegon Ry. Co.*, 44 I. C. C., 598, 600. In that

case there was a delivery of goods to the initial carrier for transportation of goods from Muskegon, Michigan, to Mexico City, Mexico, via inland carriers to New Orleans, thence via steamer to Vera Cruz, Mexico. The property was damaged by fire after being loaded on the steamer at New Orleans, and before it left the dock. The Interstate Commerce Commission considered the Cummins Amendment applicable to the shipment.

Our conclusion is that the Cummins Amendment is applicable to this shipment, and the defense of the plaintiff in error cannot be considered under the terms of the act.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.